IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  06-cv-00212-EWN-BNB

GREGORY GOODLOE,

Petitioner,

v.

THE UNITED STATES PAROLE COMMISSION, and
GARY K. WATKINS, (Custodian Warden),

Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER**
_____

This matter is before me on two papers filed by the petitioner:

1. **"Notice" 28 U.S.C. 636(c)** [Doc. #14, filed 3/27/06] (the "Notice"); and

2. **Motion to Amend, Correct, or Modify Previous Submitted "Notice" Pursuant to 28 U.S.C. 636(c)** [Doc. #19, filed 4/17/06] (the "Motion to Amend").

The petitioner filed his Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application") on February 17, 2006.  At the time he filed his Application, the petitioner was incarcerated at the Fremont Correctional Facility ("FCF") under the custody of Warden Gary Watkins.  Prior to his incarceration at FCF, the petitioner was incarcerated at the Federal Correctional Institute ("FCI").  The petitioner is currently incarcerated at the Crowley County Correctional Facility.

The Application asserts three claims.  The claims all allege unconstitutional actions by the United States Parole Commission, and the petitioner seeks injunctive relief against the United

States Parole Commission.

The Application names as respondents The United States Parole Commission and Warden Gary Watkins. On March 27, 2006, the petitioner filed the Notice seeking to add as respondents the following individuals:

1. Mr. Garcia, Supervisor at FCI Recreation Department;

2. Mr. Hurtato, Correctional Officer at FCI Recreation Department;

3. Mr. Gramm, Lieutenant at FCI;

4. Mr. Turner, Case Manager at FCI;

5. Ms. Saulters, Law Library Staff at FCI;

6. Mrs. Nicol Sargent, Food Service at FCF;

7. Ms. Walker, Visiting Room Staff at FCF; and

8. Mr. Araiga, Lieutenant at FCI Recreation Department.

On March 28, 2006, I entered a Recommendation [Doc. # 16] (the "First Recommendation") to the effect that the Notice should be denied. Subsequently, on April 17, 2006, the plaintiff filed the Motion to Amend which raises again the issue of the proper respondent in this case and by which the petitioner seeks to add as respondents:

1. FCI Warden Rios;

2. FCF Warden Gary Watkins; and

3. Crowley County Correctional Facility Warden Dick Smelser.

Generally, an application for a writ of habeas corpus shall name as the respondent the person who has custody over the petitioner. 28 U.S.C. § 2242; <u>Blango v. Thornburgh</u>, 942 F.2d 1487, 1491-92 (10th Cir. 1991). However, the Tenth Circuit Court of Appeals has held that where the Parole Commission directly controls the petitioner's custody, "the Parole Commission

may be considered petitioner's 'custodian' for purposes of a challenge to a parole decision under 28 U.S.C. § 2241." Dunn v. United States Parole Commission, 818 F.2d 742, 744 (10th Cir. 1987). See also Misasi v. United States Parole Commission, 835 F.2d 754 (10th Cir. 1987).

Here, the Application challenges the revocation of the petitioner's parole by the United States Parole Commission. Thus, the Parole Commission is the appropriate respondent.

This recommendation and the First Recommendation concern related matters and are overlapping. Consequently, the First Recommendation should be withdrawn.

IT IS ORDERED that the Recommendation of United States Magistrate Judge [Doc. # 16, filed 3/28/2006] is WITHDRAWN.

I respectfully RECOMMEND that the Notice and the Motion to Amend be DENIED.

I further RECOMMEND that Gary K. Watkins be DISMISSED as a respondent.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 7, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge