IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  06-cv-00212-EWN-BNB

GREGORY GOODLOE,

Petitioner,

v.

THE UNITED STATES PAROLE COMMISSION, and
GARY K. WATKINS, (Custodian Warden),

Respondents.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application") filed by Gregory Goodloe (the "petitioner") on February 17, 2006 [Doc. #4].  For the following reasons, I respectfully RECOMMEND that the Application be DISMISSED WITH PREJUDICE for failure to exhaust available administrative remedies.

### BACKGROUND

The petitioner was convicted in the United States District Court for the Eastern District of Virginia and sentenced on January 31, 1986, to a term of 20 years for the offense of rape and a concurrent term of five years for the offense of sodomy.  *Respondent's Answer to Order to Show Cause, Dated March 13, 2006*, Exhibit A [Doc. #18, filed 4/12/06] (the "Answer").

The petitioner was paroled on May 22, 1993, and was to remain under parole supervision until September 21, 2005.  Id. at Exhibit B.  His parole was revoked in July 1995 based on administrative violations of the conditions of his release.  Id. at Exhibit C.

The petitioner was re-paroled on August 3, 1995, and was to remain under parole supervision until September 21, 2005.  Id. at Exhibit D.  The petitioner's parole was revoked in October 1996 based on a conviction for two charges of indecent exposure.  Id. at Exhibit E.

The petitioner was re-paroled on April 13, 1998, and was to remain under parole supervision until September 4, 2006.  Id. at Exhibit H.  On May 13, 2003, a parole revocation hearing was held.  Id. at Exhibit T.  On May 29, 2003, the petitioner's parole was revoked based on (1) an administrative violation of the conditions of his release and (2) charges brought against him in a Felony Complaint and Information in Arapahoe County for sexual assault on a child, sexual assault on a child by one in a position of trust, aggravated incest, sodomy involving a minor, and unlawful sexual conduct with a minor.  Id. at Exhibit U, p. 1.  The petitioner received credit for all of the time he was on parole, and he was ordered to continue incarceration to expiration of his sentence, which at that time was believed to be on or about June 3, 2005.  Id.; Exhibit X, p. 2.

The Notice of Action of parole revocation states that the revocation is appealable to the National Appeals Board under 28 C.F.R. § 2.26.  Id. at p. 2.  The Notice of Action further states that the petitioner can obtain appeal forms from his caseworker or supervising officer, and that the appeal forms must be filed with the United States Parole Commission (the "Commission") within thirty days of the date the Notice of Action was sent.  Id.

On April 22, 2004, the Commission was notified by the Probation Office for the United States District Court for the District of Colorado that on February 19, 2004, the petitioner plead guilty to "Criminal Attempt to Commit Sexual Assault on a Child," one of the charges brought against him in the Felony Complaint and Information in Arapahoe County. Id. at Exhibits T and V. The Commission was further notified that the petitioner was sentenced to 6 years imprisonment concurrent with his federal sentence and 2 years mandatory parole. Id.

On February 16, 2005, the Commission issued a Notice of Action reopening the petitioner's case and scheduling him for a special reconsideration hearing to consider forfeiture of the time he spent on parole based on his conviction for "Criminal Attempt to Commit Sexual Assault on a Child." Id. at Exhibit W. The Notice of Action states that this decision is not appealable. Id.

The hearing was conducted on February 28, 2006.[1] Id. at Exhibit X, p. 1. The petitioner refused to participate in the hearing. Id. The hearing was conducted without the petitioner. Id. Based on the petitioner's conviction and new sentence, the hearing examiner recommended that the petitioner not receive credit for the time he spent on parole from the date of release on April 13, 1998, to the date the warrant was executed on November 12, 2002. He further recommended that the petitioner remain incarcerated until the expiration of his sentence. Id. at pp. 2-3. The Commission concurred with the hearing examiner's recommendation. Id. at Exhibit Y. The Notice of Action states that this decision is not appealable. Id.

---

[1] This hearing was conducted at the Freemont Correctional Facility. Id. at Exhibit X, p. 1. The petitioner was transferred to state custody to serve out the remainder of his state sentence on an unspecified date sometime between the petitioner's May 13, 2003, hearing and this hearing. Id. at Exhibit T, p. 1; Exhibit X, p. 1.

The petitioner's Application asserts three claims. Claim One asserts that the petitioner's due process rights were violated when the Commission revoked his parole in May 2003 and gave him "78-110 months for a new crime violation that I had not been charged for in a court of law." *Application*, p. 3. Claim Two asserts that the petitioner's equal protection rights were violated when (1) the Commission held him for six months before giving him a parole revocation hearing and (2) he was given "not one but two separate [sic] parole board preliminary hearings in MACHINATE, so that the United States Parole Commission working with The State of Colorado Authorities can charge me for the crime that the U.S. Parole Commission had decided to violate me on." Id. Claim Three asserts that the Commission's decision to revoke his parole was based on inaccurate information.[2]

The petitioner does not request any specific relief relevant to the parole revocation decision. However, the Application does seek an injunction to prevent the Commission from holding the reconsideration hearing in February 2006. That request is now moot.

## ANALYSIS

The petitioner's claims all challenge the May 2003 parole revocation. The respondents assert that the Application must be dismissed because petitioner did not exhaust his available remedies prior to bringing the claims in this Court.[3]

---

[2] The Application is not a model of clarity. Insofar as the petitioner attempts to bring claims other than the claims I have identified, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

[3] To the extent the respondents refer to the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"), the petitioner's Application does not fall under the PLRA and the PLRA's exhaustion requirements do not apply to the Application. Nguyen v. Booker, 156

The Notice of Action regarding the May 2003 parole revocation clearly states that the revocation is appealable to the National Appeals Board under 28 C.F.R. § 2.26. *Answer*, Exhibit U, p. 2. The Notice of Action further states that the petitioner can obtain appeal forms from his caseworker or supervising officer, and that the appeal forms must be filed with the Commission within thirty days of the date the Notice of Action was sent. Id. The respondents assert, and the petitioner does not dispute, that the petitioner did not appeal the May 2003 revocation to the National Appeals Board. *Answer*, pp. 11-14.

Prior to filing an application for writ of habeas corpus under section 2241, a prisoner must exhaust his available remedies. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir.2000) (stating that "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"); Williams v. O'Brien, 792 F.2d 986 (10th Cir. 1986) (dismissing habeas petition brought pursuant to § 2241 for failure to exhaust Bureau of Prisons' administrative remedies regarding sentence computation); Walker v. Stanley, No. 06-1406, 2007 WL 475838 (10th Cir. Feb. 15, 2007) (denying habeas petitioner's request for certificate of appealability because district court properly dismissed his § 2241 petition challenging parole revocation based on petitioner's failure to exhaust state court remedies). Because the petitioner did not appeal the revocation to the National Appeals Board, he did not exhaust his available remedies prior to bringing this action.

Moreover, the petitioner's claims are procedurally barred. See Gonzales v. Jordon, 37 Fed.Appx. 432, 434 (10th Cir. 2002) (holding that the procedural bar doctrine applies to § 2241 petitions in order to prevent habeas petitioners from avoiding exhaustion of available remedies).

---

F.3d 1244, 1998 WL 568285 (10th Cir. Sept. 3, 1998).

The federal regulations require that a prisoner submit his appeal to the National Appeals Board within 30 days from the date of entry of the decision that is being appealed. 28 C.F.R. § 2.26(a). Failure to appeal within 30 days results in a final decision. 28 C.F.R. § 2.26(d).

I may not consider issues raised in a habeas petition that have been defaulted on an independent and adequate procedural ground unless the petitioner can either (1) show cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) demonstrate that a failure of this court to consider the claims will result in a fundamental miscarriage of justice. English v. Cody, 146 F.3d 1257, 1259 (10th Cir.1998) (citing Coleman, 501 U.S. at 749-50); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993).

The petitioner has not argued cause and prejudice or fundamental miscarriage of justice. Because the claim is procedurally defaulted, and because the petitioner did not demonstrate cause and prejudice or a fundamental miscarriage of justice, this claim is not proper for consideration on an application for writ of habeas corpus.

Accordingly, I respectfully RECOMMEND that the Application be DISMISSED WITH PREJUDICE for failure to exhaust administrative remedies.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)© and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review

by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 2, 2007.

BY THE COURT:

 s/ Boyd N. Boland  
United States Magistrate Judge